JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through Los Angeles County Counsel Dawyn R. Harrison,, <br><br> Plaintiff, <br><br> v. <br><br> EXPRESS SCRIPTS, INC., at al., <br><br> Defendants. | Case No. 2:23-cv-08570-SPG-PD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF NO. 32]** |

Before the Court is Plaintiff the People of the State of California's motion to remand to the Superior Court of California for the County of Los Angeles. (ECF No. 32). Having considered the parties' submissions, the relevant law, the record in this case, and the arguments of counsel during the hearing on the motion, the Court **GRANTS** Plaintiff's Motion and remands this Action to Los Angeles County Superior Court for all further proceedings.

## I. BACKGROUND

On August 30, 2023, Plaintiff the People of the State of California, acting by and through Los Angeles County Counsel Dawyn R. Harrison, filed a complaint in the Superior Court of California for the County of Los Angeles ("LASC") against Defendants Express Scripts, Inc., et al. (ECF No. 1-1 ("Compl.")). Plaintiff brings a single cause of action for public nuisance under California Civil Code Sections 3479 and 3480. (*Id.* ¶¶ 260-273). Very generally, Plaintiff alleges that Defendants engaged in knowingly unreasonable and/or unlawful conduct that substantially contributed to the opioid epidemic in California. Plaintiff claims that Defendants colluded with opioid manufacturers to increase sales by giving the manufacturers' opioids preferred status on their formularies and refusing to place limits on their approval for use in exchange for receiving rebate and fee payments. (*Id.* ¶¶ 16, 27-28, 100, 269-271). Additionally, Plaintiff claims that Defendants assisted manufacturers by engaging in misleading opioid marketing efforts and operating mail order pharmacies that dispensed opioids for prescriptions written by high-volume prescribers, despite Defendants knowing that these prescriptions were not being written for medically legitimate purposes. (*Id.* ¶¶ 30, 46-47, 51, 53, 60, 97, 110, 220-222, 226-229, 269).

On October 11, 2023, Defendants timely removed this action from LASC based on federal question jurisdiction, including federal officer jurisdiction under 28 U.S.C. § 1442(a). (ECF No. 1). On November 10, 2023, Plaintiff timely moved to remand. (ECF No. 32 ("Mot.")). Defendants opposed on December 6, 2023. (ECF No. 35 ("Opp.")). On December 20, 2023, Plaintiff replied. (ECF No. 37 ("Reply")).

## II. LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal citation omitted). Therefore, a removing party must demonstrate that an action falls within the categories of federal subject matter jurisdiction to avoid remand. *See Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 33–34 (2002). Congress has provided that the federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

However, another such basis for removal arises for federal officers, who are permitted to remove civil actions filed against them in state court if "the United States or any agency thereof or any officer (or any person acting under that officer)" is sued "in an official or individual capacity, for or relating to any act under color of such office . . .." 28 U.S.C. § 1442(a)(1). While § 1442 is colloquially described as "federal officer removal," as the statute explains, it may also extend to private persons under certain circumstances. *Id.*

To remove an action to federal court pursuant to federal officer jurisdiction under 28 U.S.C. § 1442(a)(1), a private person must establish: "(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and [the] plaintiff's claims; and (c) it can assert a colorable federal defense." *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 755 (9th Cir. 2022) (hereinafter "*Mateo III*") (citing *Riggs v. Airbus Helicopters, Inc.*, 939 F.3d 981, 986–87 (9th Cir. 2019)). To establish a sufficient causal nexus, a private person must demonstrate "(1) that the person was 'acting under' a federal officer in performing some 'act under color of federal office,' and (2) that such action is causally connected with the plaintiff's claims against it." *Id.* (citing *Goncalves ex rel. Goncalves v. Rady Child.'s Hosp. San Diego*, 865 F.3d 1237, 1244–50 (9th Cir. 2017)). Federal courts are generally directed to interpret § 1442 broadly in favor of removal. *Goncalves*, 865 F.3d at 1244. However, Defendants seeking removal "still bear the burden of proving by a preponderance of the evidence that the colorable federal defense and causal nexus requirements for removal are factually supported." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 684 (9th Cir. 2022) (quoting *Lake v. Ohana Mil. Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021).

## III. DISCUSSION

Plaintiff challenges Defendants' arguments for removal on two bases. First, there is no federal question jurisdiction in this Action because Plaintiff raises a state law claim that does not require resolution of a federal question. (Mot. at 7). Second, federal officer removal does not apply because Plaintiff's nuisance claim does not address the administration of federal health plans. (*Id.* at 23).

### A. Federal Question Jurisdiction

In determining whether federal question removal is proper, the Ninth Circuit has held that "[a]n action arises under federal law only if federal law 'creates the cause of action' or 'a substantial question of federal law is a necessary element.'" *Coeur d'Alene Tribe v. Hawks*, 933 F.3d 1052, 1055 (9th Cir. 2019) (quoting *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1383 (9th Cir. 1988)). Where federal law does not create the cause of action, federal question jurisdiction will lie only where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "'When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'" *State of Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996)).

Here, Plaintiff's cause of action arises under California law. (Compl. ¶¶ 260-273). The question in dispute is, therefore, whether Plaintiff's claim requires resolution of a federal issue. Defendants argue that "whether the Removing Defendants owed and breached duties under the" federal Controlled Substances Act (CSA) is "necessarily raised by Plaintiff's public nuisance claim. (Opp. at 27). Plaintiffs disagree, arguing that (1) the CSA does not provide a federal cause of action, and (2) violation of the CSA is not

necessary to prove their public nuisance claim under California law. (Mot. at 19). The Court here agrees with Plaintiff.

Plaintiff's complaint asserts a single cause of action for public nuisance under California Civil Code Sections 3479 and 3480. (*Id.* ¶¶ 260-273). In removing the case, Defendants rely on the Complaint's references to the federal CSA. For instance, Defendants reference Plaintiff's allegation that "…Defendants are part of the closed system and are required to comply with the provisions of the federal Controlled Substances Act ("CSA") and its implementing regulations and California law, including the California Uniform Controlled Substances Act (CA Health and Safety Code, Division 10)." (Compl. ¶ 215). Additionally, Plaintiff alleges "[a]s dispensers of opioids, ESI and OptumRx were required to ensure that adequate safeguards were in place to dispense opioids in a safe and effective manner, provide effective controls and procedures to deter and detect theft and diversion, and comply with federal controlled substances laws, such as the requirement to maintain effective controls against diversion. *See, e.g.,* 21 U.S.C. 801, *et seq*., CA Health and Safety Code, Division 10, Uniform Controlled Substances Act. ESI and OptumRx failed to meet these obligations." (*Id.* ¶ 217).

As an initial matter, Plaintiff is correct to note that the CSA does not provide a federal cause of action. *United States v. Real Prop. & Improvements Located at 1840 Embarcadero, Oakland, California*, 932 F. Supp. 2d 1064, 1072 (N.D. Cal. 2013) (collecting cases on this point). Thus, if there is federal question jurisdiction in this case, then the Court must look to the four-factor test for determining whether a federal court may exercise federal question jurisdiction over a state law claim. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Because a federal issue is not "necessarily raised" in this case, the Court declines to exercise federal question jurisdiction.

A federal issue is necessarily raised when the issue is "pivotal" to the case. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012). Defendants argue that Plaintiff's state law claim necessarily raises a federal question because "Plaintiff's claim against the Removing Defendants requires it to establish that the Removing Defendants breached

duties under federal law by failing to prevent diversion and report suspicious prescribers." (ECF No. 1 at 25). Plaintiff responds that they do not have to prove a federal CSA violation to prove their public nuisance claim for two reasons. First, "California law does not require the People to prove violation of *any* statute or regulation to prove public nuisance." (Mot. at 19). Second, "even to the extent that unlawful conduct may be relevant to the People's public nuisance claim, the People still need not prove violations of the federal CSA." *Id.* at 20.

Here, the Court agrees with Plaintiff that even to the extent that the unlawful conduct may be relevant to the public nuisance claim, Plaintiff does not need to prove violations of the federal CSA to prevail on the public nuisance claim. This is so because California law independently requires retail pharmacies to maintain effective controls against diversion of the controlled substances they dispense, Cal. Health and Safety Code § 11106(d)(3), including by reasonably ensuring that the prescriptions they fill are issued for legitimate medical purposes during professional treatment. Cal. Health and Safety Code § 11153(a); 16 Cal. Code Reg. § 1761(b). Thus, the Court agrees with Plaintiff that a federal issue is not necessarily raised because Plaintiff can prevail on its public nuisance claim by reference to duties imposed by California law alone.

Additionally, even if Plaintiff relies on federal law to establish Defendants' duty—as elements of a common law public nuisance claim—it does not necessarily create a federal question. As the Supreme Court has held, "[a] complaint alleging violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986). The Supreme Court there reasoned that Congress's choice to provide "no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Id.* at 814.

Accordingly, the CSA is not proper grounds for the removal of this action. Unless removal was appropriate pursuant to the federal officer removal statute, remand is warranted.

**B. Federal Officer Removal**

Plaintiff next argues that its public nuisance claim in the Complaint did not address the administration of federal health plans. (Mot. 23). Because the Complaint does not address this issue, the three elements of federal officer removal are wholly inapplicable since "the People did not at the time of removal (and still do not) raise any claim addressing Defendants' administration of federal health plans." (*Id.* at 24). Second, Plaintiff argues that its post-removal Amended Complaint makes explicit that their "state-law public nuisance claim does not address Defendants' administration of federal government health care plans." (*Id.* at 27).

By contrast, Defendants argue that "Express Scripts is entitled to remove this case under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Plaintiff seeks to hold Express Scripts liable for actions it is required to perform at the direction and supervision of the federal government. Pursuant to a contract with the U.S. Department of Defense (DoD), Express Scripts PBM provides formulary services and other PBM services to the DoD health care program known as TRICARE . . . ." (ECF No. 1 at 4). Likewise, OptumRx is entitled to remove this Case based on its PBM contract with the federal Veterans Health Administration (VHA)." (*Id.* at 5).

To remove an action to federal court pursuant to federal officer jurisdiction under 28 U.S.C. § 1442(a)(1), a private person must establish: "(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and [the] plaintiff's claims; and (c) it can assert a colorable federal defense." *Mateo III*, 32 F.4th at 757.

Here, the Court finds two problems with Defendants' application of federal officer jurisdiction to this Case. First, the Ninth Circuit has found federal officer jurisdiction does not arise where a private person "enters into an arm's length business arrangement with the

federal government or supplies it with widely available commercial products or services." *Mateo III*, 32 F.4th at 757. Similarly, mere "compliance with the law (or acquiescence to an order) does not amount to acting under a federal official who is giving an order or enforcing the law." *Id*. This remains true "even if the regulation is highly detailed and even if the firm's activities are highly supervised and monitored." *Id.* (quoting *Watson v. Philip Morris Co., Inc.*, 551 U.S. 142, 151 (2007)). Given these limitations, courts may not interpret federal officer jurisdiction in a way that would "expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries." *Id.*

Here, Defendants' relationships with the federal government closely resemble the contractual relationships at issue in *Mateo III.* In *Mateo III*, the Ninth Circuit held that defendant energy companies were not acting under a federal officer where the plaintiffs' claims touched upon fuel supply and lease agreements with the federal government because these were arm's-length business arrangements, not the private performance of federal government functions. 32 F.4th at 757-8. By Defendants' own statement in this case, "DoD is statutorily obligated to contract with private entities and establish an 'effective, efficient, integrated pharmacy benefits program" for TRICARE members." (Opp. at 13). Although Express Scripts is contractually obligated to "establish and maintain a nationwide retail pharmacy network" in accordance with standards set by the DoD, nothing in Defendants' papers suggests that these contracts were anything but arm's-length business arrangements. The fact that the contracts track "highly detailed" regulations is inapposite for the question whether federal officer removal applies.

However, even if the contracts were *not* at arms-length, courts in the Ninth Circuit have recognized that when the federal officer removal statute is at issue, a plaintiff may expressly waive claims that would give rise to potential federal defenses. *See, e.g., Fisher v. Asbestos Corp.*, 2014 WL 3752020 (C.D. Cal. July 30, 2014); *Lockwood v. Crane Corp.*, 2012 WL 1425157 (C.D. Cal. Apr. 25, 2012). If the plaintiff does so, its waiver is "sufficient to eviscerate [a defendant's] grounds for removal." *Hukkanen v. Air and Liquid*

*Systems Corporation*, 2017 WL 1217075. at *2 (C.D. Cal. March 31, 2017); *see also*, *People of the State of Calif. v. Eli Lilly and Co.*, No. 2:23-cv-01929-SPG-SK, 2023 WL 4269750, at *7 (C.D. Cal. June 28, 2023) ("Plaintiff's disclaimer, and later repeated waivers, negate any causal nexus that might otherwise have existed between Plaintiff's claims and the Removing Defendants' conduct on behalf of government officers."). Indeed, this is the case even if the waiver is submitted post-removal. *See Fisher v. Asbestos Corp. Ltd.*, No. 2:14-cv-02338-WGY (FEMx), 2014 WL 3752020, at *4 (C.D. Cal. Jul. 30, 2014) (crediting post-removal waiver in federal officer jurisdiction case).

Here, Plaintiff's Amended Complaint includes an explicit disclaimer. (ECF No. 31 ¶ 34) ("This lawsuit relates to the Defendants' conduct in the non-federal market which resulted in the increased use, abuse, and diversion of opioids. The allegations in this Complaint do not include and specifically exclude Defendants' provision of PBM or mail order pharmacy services pursuant to contracts with the Department of Defense, the Office of Personnel Management, the U.S. Department of Veteran Affairs, the Veterans Health Administration, or any other federal agency….). Because an explicit disclaimer is sufficient to "eviscerate" Defendants' grounds for removal, remand here is appropriate.

**C. Stay of Execution**

Lastly, Defendants request that the Court stay execution of the remand order or mailing the remand order to the state court for at least thirty days to preserve the Defendants' right to appeal, and then maintain the stay if the Defendants do appeal. (Opp. at 30). The Court declines this request for the following reasons.

District courts possess discretionary power to stay a case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, in the context of a stay pending appeal, district courts apply a standard akin to the standard for a preliminary injunction. *See Lair v. Bullock*, 697 F.3d 1200, 1203 n.2 (9th Cir. 2012). Specifically, courts consider the following: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparable injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding;

and (4) where the public interest lies." *Golden Gate Rest. Ass'n v. Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (internal citation omitted). In the Ninth Circuit, these factors operate like a "sliding scale," such that "if there is a probability or strong likelihood of success on the merits, a relatively low standard of hardship is sufficient." (*Id.* at 1116-19) (internal citations omitted). By contrast, "if the balance of hardships tips sharply in favor of the party seeking the stay, a relatively low standard of likelihood of success on the merits is sufficient." (*Id.* at 1119) (internal citations omitted).

Looking at these factors, the Court concludes a stay is not warranted here. Defendants have not made a strong showing that they are likely to succeed on the merits, for the same reasons highlighted above. Nor have the Defendants addressed any possible hardship in their moving papers. Meanwhile, Plaintiff argues that the harm to the public interest from the delay is great, since the "public nuisance the People seek to abate is an ongoing public health crisis of unprecedented dimensions." (Reply at 19). In light of this and the above, the factors weigh against a stay.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This action is **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

Dated: February 28, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE